

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

April 23, 1975

The Honorable Robert E. Stewart
Commissioner
Department of Banking
John H. Reagan State Office Bldg.
Austin, Texas 78701

Opinion No. H-589

Re: Maximum rate of interest
which may be charged on a
loan to a partnership composed
solely of two corporations.

Dear Commissioner Stewart:

You have requested our opinion regarding the maximum rate of interest which may be charged on a loan to a partnership composed of two corporations. Article 16, section 11 of the Texas Constitution provides that:

> . . . in the absence of legislation fixing maximum rates of interest all contracts for a greater rate of interest than ten per centum (10%) per annum shall be deemed usurious . . .

Under article 5069-1.02, the maximum rate of interest on any loan is limited to ten percent per annum unless such rate is otherwise fixed by law. Article 1302-2.09, however, provides an exception to the rule where the debtor is a corporation:

> . . . corporations . . . may agree to and stipulate for any rate of interest as such corporation may determine, not to exceed one and one-half percent (1 1/2%) per month, on any . . . debt . . . or other obligation of such corporation . . . , and in such instances, the claim or defense of usury by such corporation, its successors, guarantors, assigns or anyone on its behalf is prohibited . . .

You ask whether a partnership composed solely of two corporations may be deemed a "corporation" for purposes of article 1302-2.09, so as to qualify for a loan at a rate of interest in excess of ten percent per annum.

By a 1973 amendment to the Texas Business Corporation Act, every corporation was granted the authority:

> [t]o be an organizer, partner, member, associate, or manager of any partnership. . . . Tex. Bus. Corp. Act, art. 2.02A(18).

It is therefore clear that two corporations may form a partnership pursuant to Texas law.

Although the Texas Uniform Partnership Act provides that "[a]ll partners are liable jointly and severally for all debts and obligations of the partnership," article 6132(b), section 15, V. T. C. S., it is also true that the partnership itself is liable for its own debts.   Rule 28, Texas Rules of Civil Procedure, grants to any partnership the authority to:

> . . . sue or be sued in its own partnership . . . name for the purpose of enforcing for or against it a substantive right.

Furthermore, article 2223, V. T. C. S., provides that, in cases where a suit is brought:

> . . . against several partners jointly indebted upon contract . . . judgment may be rendered therein against such partnership and against the partners actually served. . . .

According to one court, the effect of Rule 28:

> . . . is to treat the partnership as a legal entity, at least to the extent that a judgment may be obtained by it or a judgment may be enforced against it. Johnson v. Pioneer Mortgage Co., 264 S. W. 2d 761 (Tex. Civ. App. --El Paso 1954, writ dism'd.)

We have discovered no case in any American jurisdiction which would lead to the conclusion that a partnership composed of two corporations is anything other than a partnership. It is therefore our opinion that a partnership formed and existing in accordance with the terms of the Texas Uniform Partnership Act and composed solely of two corporations, may not be deemed a "corporation" for purposes of article 1302-2.09, and that, as a result, ten percent per annum is the maximum rate of interest which may be charged on a loan to such an entity. You have not inquired, and we do not reach the question, whether a corporate member of a partnership could itself interpose the defense of usury in a suit on a partnership debt on which the rate of interest was greater than ten but less than eighteen percent per annum.

## SUMMARY

Ten percent per annum is the maximum rate of interest which may be charged on a loan to a partnership composed of two corporations.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg

p. 2631